```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
CHAMELLE WILSON-PHILLIPS and MELISSA  :
GISSENTANNER,                         :
                                      :
                         Plaintiffs,  :
                                      :
             -against-                :
                                      :
                                      :
METROPOLITAN TRANSPORTATION           :
AUTHORITY and METRO-NORTH             :
COMMUTER RAILROAD,                    :
                                      :
                                      :
                         Defendants.  :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/14/2018

18-CV-417 (VEC)

MEMORANDUM
OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

Plaintiffs Chamelle Wilson-Phillips and Melissa Gissentanner have sued their employer for race and sex discrimination, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); 42 U.S.C. § 1981; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 *et seq.*; the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*; and the Federal Transit Laws, 49 U.S.C. § 5332(b). On August 21, 2018, the Court ordered Plaintiffs to show cause why one of them should not be dismissed from this case due to misjoinder, pursuant to Federal Rule of Civil Procedure 21. *See* Order, Dkt. 19. Plaintiffs oppose severance, while Defendants support it. *See* Pls.' Mem. of Law, Dkt. 20; Defs.' Mem. of Law, Dkt. 21; Pls.' Reply Mem. of Law, Dkt. 23.

For the following reasons, the Court finds that severance is appropriate and that one of the Plaintiffs must be dismissed from this case (without prejudice to refiling a separate action). No later than **November 21, 2018**, one of the Plaintiffs must voluntarily dismiss all of her claims

from this action. If neither Plaintiff does so, the Court, in its discretion, will choose one Plaintiff to dismiss from this action. Defendants and the remaining Plaintiff must appear for a conference with this Court on **December 7, 2018 at 10:00 a.m.** in Courtroom 443 of the Thurgood Marshall U.S. Courthouse. No later than **November 29, 2018**, Defendants and the remaining Plaintiff must submit a joint proposed case management plan.

## BACKGROUND[1]

Plaintiffs are employed by Defendant Metro-North Railroad ("Metro-North"), a wholly owned division of Defendant Metropolitan Transportation Authority ("MTA"). Compl., Dkt. 1, ¶ 15. Gissentanner, an African American woman, works as a manager in the Lost and Found Unit at Grand Central Terminal, a position that she has held for ten years. *Id.* ¶¶ 14, 17, 63. In 2013, Gissentanner applied unsuccessfully for the position of Assistant Director of Service Quality/Lost and Found. *Id.* ¶ 77. In 2015, she applied, again unsuccessfully, for the position of Assistant Deputy Director of Customer Communications. *Id.* ¶ 65. Both positions were filled by white employees. *Id.* ¶¶ 68, 80. Gissentanner alleges that Defendants failed to promote her based on her race and her sex, as evidenced by the fact that Gissentanner has "exemplary" performance evaluations and that a supervisor who interviewed her for one of the positions made racially discriminatory remarks. *See id.* ¶¶ 75–76, 79, 83–84.

Wilson-Phillips, also an African American woman, works as a Senior Customer Relations Specialist at Grand Central Terminal. *Id.* ¶¶ 14, 16, 22. She has been employed by Defendants for 17 years. *Id.* ¶ 16. Between January 2011 and April 2017, Wilson-Phillips applied for over 50 different positions with Defendants, all unsuccessfully. *See id.* ¶¶ 23, 38, 45. Wilson-Phillips did not apply for either of the positions for which Gissentanner applied in 2013

---

[1] In assessing whether severance is warranted under Rule 21, courts must accept all factual allegations in the Complaint as true. *See Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009).

and 2015. *See id.*; Defs.' Mem. of Law at 4. Like Gissentanner, however, Wilson-Phillips claims that Defendants failed to promote her because of her race and her sex, as evidenced by her strong performance evaluations, by the fact that the positions were filled by unqualified, white employees, and by purported irregularities in Defendants' hiring procedures. *See* Compl. ¶¶ 27, 44, 54, 56–58.

Both Gissentanner and Wilson-Phillips allege that Defendants' failure to promote them stems from a systemic "culture" of discrimination that pervades the workplace. *See* Pls.' Mem. of Law ¶¶ 15, 17, 23; Pls.' Reply Mem. of Law ¶ 2; Compl. ¶¶ 91–93. Specifically, Plaintiffs allege that Defendants' practice of delegating promotional decisions to individual supervisors without proper oversight is responsible for creating "a culture and atmosphere that condones and perpetuates sexism and racism [in] the workforce." Compl. ¶ 93.

## DISCUSSION

### I. The Applicable Law

Federal Rule of Civil Procedure 20 allows persons to be joined as plaintiffs in a single action if (1) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). "As is clear from the plain language of [Rule 20], both criteria must be met for joinder to be proper." *Deskovic*, 673 F. Supp. 2d at 159 (collecting cases). As for the first requirement, transactional relatedness, "the court must assess the logical relationship between the claims and determine whether the 'essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Id.* at 166; *see also United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979). As for

the second requirement, commonality, the overlap in questions of law or fact must be "substantial" in order for joinder to be appropriate. *In re Blech Secs. Litig.*, No. 94-CV-7696, 2003 WL 1610775, at *13 (S.D.N.Y. Mar. 26, 2003); *see also Tardd v. Brookhaven Nat'l Lab.*, No. 04-CV-3262, 2007 WL 1423642, at *11 (E.D.N.Y. May 8, 2007).

If parties are not properly joined under Rule 20, a court may "drop a party" or "sever any claim against a party," pursuant to Rule 21. Fed. R. Civ. P. 21; *see also Tardd*, 2007 WL 1423642, at *9 ("Although Rule 21 is silent about the grounds for misjoinder, courts have held that [claims] are misjoined when they fail to satisfy [the requirements of] Rule 20(a)." (alterations in original)). Additionally, even claims that are properly joined under Rule 20 may be severed under Rule 21 in the court's discretion. *See Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citing *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988)); *Laureano v. Goord*, No. 06-CV-7845, 2007 WL 2826649, at *9 (S.D.N.Y. Aug. 31, 2007) (citing *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968)). In considering whether to sever parties or claims, courts generally look to three factors: "(1) whether severance would serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr*, 596 F. Supp. 2d at 826 (collecting cases); *see also Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.*, 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011).

## II. The Plaintiffs Are Not Properly Joined Under Rule 20

The Plaintiffs here satisfy neither of the requirements of Rule 20. First, Plaintiffs' claims do not arise out of the same transaction or occurrence. The promotional decisions relating to each Plaintiff were made by different supervisors, under different circumstances, and at different times. *See* Compl. ¶¶ 39–41, 49–50, 56, 68, 79; Defs.' Mem. of Law at 7–8, 14. Most

important, Plaintiffs never applied for the same position. *See* Compl. ¶¶ 23, 38, 45; Defs.' Mem. of Law at 4. Each instance of alleged discrimination, therefore, constitutes a separate transaction and occurrence for purposes of Rule 20.

Plaintiffs allege that they satisfy the "transactional relatedness" requirement of Rule 20 because they are both "highly educated African American women" who were "repeatedly denied promotions by Defendants . . . despite their exemplary work history with MetroNorth for over 15 years." Pls.' Reply Mem. of Law ¶ 7. All of that may be true, but the anti-discrimination laws require a case-by-case analysis of the circumstances giving rise to a claim of discrimination. *See Schnabel v. Abramson*, 232 F.3d 83, 90 (2d Cir. 2000) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147–48 (2000)); *Senese v. Longwood Cent. Sch. Dist.*, No. 2:15-CV-7234, 2018 WL 3716892, at *11 (E.D.N.Y. Aug. 3, 2018). In analyzing Plaintiffs' claims in a motion for summary judgment, for example, the Court will apply the *McDonnell Douglas* burden-shifting framework: Plaintiffs will bear the initial burden of establishing a prima facie case of discrimination, at which time the burden will shift to Defendants to "articulat[e] a legitimate, non-discriminatory reason for the employment decision[s]," and, upon such a showing, Plaintiffs will bear the ultimate burden of showing that Defendants' explanations are pretextual. *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 102 (2d Cir. 2001). In the second step of this framework, Defendants will likely rely on Plaintiffs' qualifications, prior experience, and performance during promotional interviews as evidence of the nondiscriminatory reasons for declining to promote them. *See* Ltr. (July 12, 2018), Dkt. 15, at 3 (joint pre-conference letter summarizing Defendants' anticipated defenses); *see also, e.g.*, *Mattera v. JPMorgan Chase Corp.*, 740 F. Supp. 2d 561, 576 (S.D.N.Y. 2010). Each Plaintiff's claims, therefore, will require a separate, case-specific analysis; accordingly, the claims are not

so "logically connected" that they constitute the same transaction or occurrence under Rule 20. *Deskovic*, 673 F. Supp. 2d at 166.

As for the "commonality" requirement of Rule 20, the overlap in proof between each Plaintiff's claims is minimal. Plaintiffs assert that they were subjected to the same "overarching 'discriminatory culture'" that pervades Defendants' workplace. Pls.' Mem. of Law ¶ 12. But once Defendants proffer nondiscriminatory reasons for their promotional decisions, it is unclear how evidence of a more nebulous "culture" of discrimination will be relevant to showing that Defendants' reasons are pretextual. *See, e.g.*, *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 93–94 (2d Cir. 2001) (while an executive's statements about "changing the corporate culture" in favor of younger employees established a prima facie case of age discrimination, the statements were not sufficient to satisfy plaintiff's burden of showing pretext); *Vuona v. Merrill Lynch & Co.*, 919 F. Supp. 2d 359, 380 (S.D.N.Y. 2013). In any event, Plaintiffs have identified only four witnesses who would provide testimony relating to this "culture." Pls.' Reply Mem. of Law ¶ 18. This overlap is insignificant compared to the difference in proof between Plaintiffs' claims, inasmuch as Wilson-Phillips alleges over 50 instances of discriminatory promotional decisions, none of which has anything to do with Gissentanner. *See* Compl. ¶¶ 45, 57, 60; *In re Blech Sec. Litig.*, 2003 WL 1610775, at *13 ("[T]he question in a severance . . . motion is whether separate trials will require *substantial* overlap of witnesses or documentary proof." (emphasis in original) (internal quotation marks omitted)). Because Plaintiffs' claims present few common questions of fact, joinder under Rule 20 is not appropriate.[2]

---

[2] Plaintiffs allege that as part of a settlement of discrimination claims in the 1990s, Defendants agreed to implement a number of remedial measures, including the creation of a "Human Resources Review Committee" to provide oversight of promotional decisions. *See* Compl. ¶¶ 95–97. Plaintiffs argue that Defendants' failure to comply with these obligations is in part responsible for Plaintiffs' discriminatory treatment. *See id.* ¶ 98. These allegations do not change the Court's analysis. Given the length of time that has passed since the settlement, its probative value is minimal. And, as the Court has discussed, although evidence of a discriminatory culture may be

Following this reasoning, numerous courts have granted severance when multiple plaintiffs brought discrimination claims against the same employer. *See, e.g.*, *Byrd v. District of Columbia*, 807 F. Supp. 2d 37, 76 (D.D.C. 2011); *Tardd*, 2007 WL 1423642, at *9–10 (collecting cases). As one district court stated:

> The plaintiffs worked in different departments, for different people, and allege different factual circumstances giving rise to their allegedly discriminatory treatment. Even though there is some overlap of the facts in the plaintiffs' claims . . . these similarities do not overcome the numerous differences in the circumstances giving rise to the plaintiffs' claims for relief. Thus, this factor weighs in favor of severance.

*Tardd*, 2007 WL 1423642, at *10; *see also Byrd*, 807 F. Supp. 2d at 76 (severing plaintiffs' discrimination claims because "[t]he alleged harassment occurred at different times, was committed by different supervisors, at entirely different locations"). The Court agrees with and adopts the reasoning of these cases.[3]

For all the foregoing reasons, Plaintiffs do not satisfy the requirements of joinder under Rule 20(a).

---

helpful to raise an inference of discrimination at the first step of the *McDonnell-Douglas* framework, it is likely not relevant to Plaintiffs' burden to show pretext.

The Court also notes that Plaintiffs allege that the "culture" of discrimination results from Defendants' practice of delegating promotional authority to individual supervisors. *See id.* ¶ 92. The fact that the decisions not to promote Plaintiffs were made by individual supervisors only further underscores the need for a case-by-case analysis.

[3] Plaintiffs argue that *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 293 (2d Cir. 1999), the case that resulted in the settlement discussed *supra*, supports their position. *See* Pl.'s Mem. of Law ¶¶ 16–17. In that case, the Second Circuit found that the racially disparate impact of Defendants' company-wide policies satisfied the commonality requirements of a Rule 23 class action. 191 F.3d at 292–93. That case does not alter the Court's analysis. As Plaintiffs concede, *see* Pl.'s Reply Mem. of Law ¶ 11, the Second Circuit has overruled *Caridad* on the ground that the case applied too "lenient" of a standard in determining whether claims presented common questions of fact. *See In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 36 (2d Cir. 2006).

Plaintiffs also rely on *Blesedell v. Mobil Oil Co.*, 708 F. Supp. 1408, 1421–22 (S.D.N.Y. 1989), a discrimination case in which a district court found joinder of three plaintiffs appropriate. *See* Pl.'s Reply Mem. of Law ¶ 9. In that case, however, all three plaintiffs alleged that the same supervisor had discriminated against them. *See Blesedell*, 708 F. Supp. at 1422. Additionally, as the Court has discussed, more recent decisions have found joinder inappropriate in similar circumstances. *See, e.g.*, *Tardd*, 2007 WL 1423642, at *10. *Blesedell*, therefore, does not alter the Court's conclusions.

III.  **Even If Plaintiffs Were Properly Joined, Severance Would Be Appropriate in This Case**

Even if Plaintiffs were properly joined under Rule 20 (which they are not), the Court would sever one of them from this action due to the substantial likelihood that joinder would prejudice Defendants. Wilson-Phillips alleges many more instances of discrimination than Gissentanner does, *see* Compl. ¶¶ 45, 65, 83; additionally, Gissentanner alleges that the supervisors who interviewed her for the promotions made racially discriminatory remarks, whereas Wilson-Phillips makes no similar allegation, *see id.* ¶¶ 83–84. Were Plaintiffs to proceed to a joint jury trial, therefore, Defendants would face a significant risk of spillover prejudice. *See In re Blech Sec. Litig.*, 2003 WL 1610775, at *14. And even in a motion for summary judgment, the Court does not believe that joinder serves judicial economy, due to the minimal overlap in proof between Plaintiffs' claims.

The Court is mindful of the duplicative discovery costs that Plaintiffs' counsel will have to bear if Plaintiffs' claims are severed. Should Plaintiffs proceed in separate cases, however, the Court is confident that the parties can coordinate their discovery schedules in order to minimize those costs (for example, by conducting a single deposition of an overlapping witness and designating portions of the deposition transcript for each case).

For all these reasons, the Court would, in its discretion, sever one of the Plaintiffs from this case even if they were properly joined.

IV.  **Leave to Amend the Complaint Is Denied**

As a final matter, Plaintiffs move for leave to amend the Complaint in order to better "highlight[] the logical relationship and the commonality between their claims." Pls.' Mem. of Law at 9. Plaintiffs may have abandoned this request in their reply brief, *see* Pls.' Reply Mem. of Law at 7–8, but, in any event, leave to amend is denied as futile.

Pursuant to Rule 15, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[W]hether to grant leave to amend is within the discretion of the district court." *In re WorldCom, Inc. Secs. Litig.*, 303 F. Supp. 2d 385, 390 (S.D.N.Y. 2004). "Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend." *Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citation omitted).

Here, no amendment to the Complaint can change the fact that Plaintiffs were denied promotions by different supervisors, at different times, and under different circumstances. Nor can any amendment avoid the prejudice that Defendants would suffer were Plaintiffs' claims to be tried together. For these reasons, joinder is inappropriate, *see, e.g.*, *Byrd*, 807 F. Supp. 2d at 76; *Tardd*, 2007 WL 1423642, at *10, and leave to amend is denied as futile.

## CONCLUSION

For all the foregoing reasons, the Court finds that one of the Plaintiffs must be severed from this case, pursuant to Rule 21. No later than **November 21, 2018**, one of the Plaintiffs must voluntarily dismiss all of her claims from this action (without prejudice to refiling in a separate action). If neither Plaintiff does so, the Court will, in its discretion, choose one Plaintiff to dismiss from this action. Defendants and the remaining Plaintiff must appear for a conference with this Court on **December 7, 2018 at 10:00 a.m.** in Courtroom 443 of the Thurgood Marshall U.S. Courthouse. No later than **November 29, 2018**, Defendants and the remaining Plaintiff must submit a joint proposed case management plan.

**SO ORDERED.**

Date: November 14, 2018  
New York, New York

VALERIE CAPRONI  
**United States District Judge**